Randall B. Bateman – Idaho State Bar # 5262
**DURHAM JONES & PINEGAR**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: rbateman@djplaw.com

Gary L. Cooper - Idaho State Bar #1814
J. D. Oborn - Idaho State Bar #9294
**COOPER & LARSEN, CHARTERED**
151 North Third Avenue, Second Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile: (208) 235-1182
Email: gary@cooper-larsen.com
jd@cooper-larsen.com

*Attorneys for Defendant LaBelle Lake Ice Palace, LLC and LaBelle Lake, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION**

| | |
|---|---|
| ICE CASTLES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>LABELLE LAKE ICE PALACE, LLC, an Idaho Limited Liability Company; and LABELLE LAKE, LLC, an Idaho Limited Liability Company<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO AND THREE OF THE FIRST AMENDED COMPLAINT UNDER 12(b)(6)**<br><br>Case No. 4:18-CV-00571-DCN<br><br>Judge David C. Nye |

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 2 of 17

# TABLE OF CONTENTS

Page No.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER 12(b)(6) ....................... 1

BACKGROUND ........................................................................................................ 1

ARGUMENT ........................................................................................................... 2

I. DEFAMATION ........................................................................................ 3

II. DEFAMATION PER SE ........................................................................... 11

III. INTENTIONAL INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE ........................................................................................ 12

CONCLUSION ......................................................................................................... 13

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 3 of 17

# TABLE OF AUTHORITIES

Page No.

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........ 3
*Barrett v. Rosenthal*, 114 Cal. App. 4th 1379, 9 Cal. Rptr. 3d 142, 149, as modified (Feb. 3, 2004 ........ 9
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........ 2, 3
*Cantwell v. City of Boise*, 146 Idaho 127, 191 P.3d 205, 216 (2008) ........ 14
*Clark v. The Spokesman-Review*, 144 Idaho 427 P.3d 216, 219 (2007) ........ 3
*Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 50, 984 N.E.2d 132, 148¶ 50 ........ 9
*Gough v. Tribune–Journal Co.*, 73 Idaho 173, P.2d 192, 194 (1952) ........ 4
*Hupp v. Sasser*, 200 W. Va. 791, 490 S.E.2d 880, 887 (1997) ........ 9
*Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 824 P.2d 841, 861 (1991) ... 14
*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) ........ 2, 3
*New York Times Co. v. Sullivan*, 376 U.S., at 270, 84 S.Ct., at 721 ........ 4
*Potomac Valve & Fitting Inc. v. Crawford Fitting Co*., 829 F.2d 1280 (4th Cir. 1987) ........ 4
*Purcell v. Ewing*, 560 F. Supp. 2d 337 (M.D. Pa. 2008) ........ 10
*Sadid v. Vailas*, 943 F. Supp. 2d 1125 (D. Idaho 2013) ........ 13
*Shipyard Brewing Co., LLC v. Logboat Brewing Co., LLC*, No. 2:17-CV-04079-NKL, 2017 WL 6733971, at *4 (W.D. Mo. Dec. 29, 2017) ........ 10
*Steele v. Spokesman-Review*, 138 Idaho 249, 61 P.3d 606, 610 (2002) ........ passim
*Wesco Autobody Supply, Inc. v. Ernest*, 149 Idaho 881, 243 P.3d 1069, 1081 (2010) ........ 13, 14
*Wiemer v. Rankin*, 117 Idaho 566 P.2d 347, 352 (1990) ........ 4
*Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 923 P.2d 416, 425 (1996) ........ 13

## OTHER AUTHORITIES

Smolla, Law of Defamation § 6.12[10] (1996) ........ 8

## RULES

Fed. R. Civ. P. 12(b)(6) ........ 1, 2, 13

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 4 of 17

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER 12(B)(6)**

Defendants LaBelle Lake Ice Palace, LLC and LaBelle Lake, LLC (collectively "Defendants" or "LaBelle Lake"), by and through counsel, have moved the Court to dismiss counts two and three of Plaintiff's First Amended Complaint for Defamation and Defamation Per Se, and Intentional Interference with a Prospective Economic Advantage, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

Defendants built an ice structure called the Ice Palace near Rigby, Idaho in late December 2017-early January 2018. Plaintiff was aware of the Defendants' intent to build the Ice Palace in advance and raised no objection to the building of the structure. On the day the Ice Palace opened, however, Plaintiff served a cease and desist letter demanding that Defendants "immediately cease building and operating the ice structure at LaBelle Lake." Following the receipt of the cease and desist letter, Defendants promptly discussed the case with several patent attorneys, each of whom told Defendants that their process for making the Ice Palace did not infringe Plaintiff's patent.

While Defendants were seeking legal advice, they also received numerous telephone calls from Ryan Davis, one of the owners of Plaintiff. During the telephone calls, Mr. Davis repeatedly misrepresented the scope of Plaintiff's patent and demanded that Defendants immediately shut down the Ice Palace. When Mr. Davis was informed that Defendants had been advised by multiple patent attorneys that they were not infringing, Mr. Davis stated that he did not care and explained that Plaintiff had set aside a $500,000 war-chest to pursue anyone



SLC_4044086.1

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 5 of 17

building ice structures that competed with those of Plaintiff. Mr. Davis indicated that they would be able to drive the Ice Palace out of business.

In response to Plaintiff's aggressive litigation tactics, LaBelle Lake has tried to raise funds to fight the meritless patent infringement claim. LaBelle Lake started a GoFundMe Page to fund the litigation and also participated in local news interviews. Plaintiff has now amended their complaint to allege defamation and intentional interference with a prospective economic advantage because Defendants disclosed to the public the threats made by Plaintiff, along with Defendants' opinion that Plaintiff was trying to bully Defendants into closing down the Ice Palace.

**ARGUMENT**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief. *Id.; see also* *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009);

On a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 967 (9th Cir. 2009). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While notice pleading is a liberal standard, "it does

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/13/19 Page 6 of 17

not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. A "plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Moreover, when evaluating the sufficiency of a complaint, the Court must make reasonable inferences in plaintiff's favor; however, bald, conclusory allegations are "not entitled to an assumption of the truth." *Moss v. U.S. Secret Serv*., 572 F.3d 962, 970 (9th Cir. 2009).

## I. DEFAMATION

Plaintiff fails to state a claim for defamation. Under Idaho law, defamation requires the plaintiff prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication. *Clark v. The Spokesman-Review*, 144 Idaho 427, 430, 163 P.3d 216, 219 (2007)(citing *Gough v. Tribune–Journal Co.*, 73 Idaho 173, 177, 249 P.2d 192, 194 (1952).

At issue in this case is element (1), whether the statements alleged in Plaintiff's Amended Complaint "communicated information concerning the plaintiff to others." The statements must communicate *information*, and not merely opinions. The initial test of "statement" for defamation purposes requires that "truth or falsity of the statement does not depend upon subjective values or indefinite terms." *Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1289 (4th Cir. 1987). "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Wiemer v. Rankin*, 117 Idaho 566, 571, 790 P.2d 347, 352 (1990)(quoting *New York Times Co. v. Sullivan*, 376 U.S., at

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 7 of 17

270, 84 S.Ct., at 721). Opinions are devoid of information or facts that can be proven false. *See id*.

Also at issue is element (2), whether each statement is defamatory. For a statement to be defamatory, it must be false. *Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002). Where Plaintiff alleges defamatory statements that are true, Plaintiff "fail[s] to make a prima facie case of defamation." *Id.*

None of the statements alleged in the Amended Complaint can satisfy both of the first two elements required for defamation because none both communicate information about Plaintiff and communicate defamatory information. The Amended Complaint alleges only statements that are true and thus not defamatory, and opinion statements that do not communicate information. Unfortunately, the Amended Complaint does not explicitly list the alleged defamatory statements or statements which are false or misleading. Plaintiff mixes partial quotations – some of which do not even refer to Plaintiff – and leave it to the reader to guess which of those compilations may be defamatory. For purposes of this motion to dismiss, therefore, every statement made by Defendants and mentioned in the Amended Complaint will be considered as an alleged defamatory statement. These statements include:

- <u>Statement 1</u>: Defendant told the Idaho State Journal, "[i]f we were infringing on their patent, absolutely, we would back down," "[b]ut we have a different system. And every lawyer that we talk to, like every single one, is like 'oh yeah you're fine, your system is so different.' But [Ice Castles is] still holding strong."

- <u>Statement 2</u>: Defendant told the Idaho State Journal that an Ice Castles' representative said "[y]ou may be right but I don't care. We are going to break you in court."



SLC_4044086.1

- Statement 3: Defendant told the Idaho State Journal that an Ice Castle's representative said Ice Castles has $500,000 in an account just for suing smaller businesses who may be infringing its patent.

- Statement 4: Defendant told FOX 13 News in Salt Lake City: Defendants "are not infringing in any way whatsoever on what [Ice Castles is] doing," but they were told that Ice Castles has "$500,000 set aside specifically to go after anyone that tries to do something with ice."

- Statement 5: Defendant made allegations that Ice Castles is a large business that is improperly attempting to "bully" the Defendants out of business.

- Statement 6: Defendant said that the claims by Ice Castle are nothing more than "[a] big company from another state . . . coming in and trying to put us out of business." "And they're not going to replace us by any means, they just want to put us out of business, that's their goal."

- Statement 7: Defendant said, "[t]he first day we opened in January, we got a cease and desist from them." However, "[w]e got a very credible patent attorney out of Utah and he assured us time and time again that we are not infringing in any way…[the owner of Ice Castle, LLC is] just really trying to bully us and that's what he did through the whole winter last year, and we've had to waste a lot of our resources and our time trying to defend ourselves to these guys."

- Statement 8: Defendants said, "[t]he multimillion dollar company Ice Castles, based out of Midway, Utah is trying to shut the [Defendants] down. Ice Castles claims to have exclusive rights to freeze ice to ice."

- Statement 9: Defendants said, "after having the patent reviewed by experienced patent attorneys, LaBelle Lake is confident that they do not infringe. Ice Castles, however, has made it clear that they will spend what it takes to put the Ice Palace out of business."

Each of these statements (or compilation of statements) will be considered in turn to show it is a statement which is either true, or a statement of opinion. Neither true statements nor opinions are defamatory.

Statement 1: "[i]f we were infringing on their patent, absolutely, we would back down," "[b]ut we have a different system. And every lawyer that we talk to, like every single one, is like

Case 4:18-cv-00571-DCN Document 29-1 Filed 02/13/19 Page 9 of 17

'oh yeah you're fine, your system is so different.' But [Ice Castles is] still holding strong." It is unclear how this statement can be defamatory. It is true that Ice Castles in maintaining its position as evidenced by this lawsuit. Moreover, the remainder of the statement is both true (*See* Exhibit A, Declaration of James Youngstrom, ¶6) – and does not otherwise reference Ice Castles. Thus, the Plaintiff has failed to plead a claim for defamation based on this statement. *See* *Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002)("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Statement 2: Defendant told the Idaho State Journal that an Ice Castles' representative said "[y]ou may be right but I don't care. We are going to break you in court." Plaintiff does not deny making the statement or something substantially similar. Plaintiff does not specifically claim that this statement is false. Nor does Plaintiff provide a plausible explanation as to how this statement is defamatory. Moreover, the statement is substantially true. Exhibit A, ¶¶ 7-8. Plaintiff has failed to plead a claim for defamation based on this statement. *See* *Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002)("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Statement 3: Defendant told the Idaho State Journal that an Ice Castle's representative said Ice Castles has $500,000 in an account just for suing smaller businesses who may be infringing its patent. This statement is both true and non- defamatory. A company can legitimately have a war-chest for suing infringers. Moreover, the statement is substantially true. Exhibit A, ¶¶ 7-8. Plaintiff has failed to plead a claim for defamation based on this statement. *See* *Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002)("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Case 4:18-cv-00571-DCN Document 23-1 Filed 02/15/19 Page 10 of 17

Statement 4: Defendant told FOX 13 News in Salt Lake City: Defendants "are not infringing in any way whatsoever on what [Ice Castles is] doing," but they were told that Ice Castles has "$500,000 set aside specifically to go after anyone that tries to do something with ice." Defendants expressing their view that they do not infringe is not defamatory. Neither is repeating the statement made by Ice Castles that they have set aside $500,000 to sue people. This is a true statement that communicates information concerning the Plaintiff to others. Exhibit A, ¶ 8. Because of the truth of this alleged statement, Plaintiff has failed to plead a claim for defamation based on this statement. *See Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002)("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Statement 5: Defendants made allegations that Ice Castles is a large business that is improperly attempting to "bully" the Defendants out of business. This is a statement of opinion devoid of a provably false assertion of fact. Ice Castles actively promotes that it has six locations across North America and claims in its opposition to the request for a bond that "Ice Castles' yearly gross revenue [is] nearly [redacted] (Dkt. No. 22, p. 11). Similarly, Ice Castle's behavior, in Defendants' opinion or that of the public, may be an improper attempt to "bully" Defendants out of business – such as by making infringement threats without identifying how Defendants infringe or demanding that the Ice Palace immediately close without even giving Defendants time to analyze the infringement claims.[1] "The threshold of what constitutes bullyism to one would necessarily not

[1] The Idaho Legislature felt sufficiently strongly that potential defendants should be placed on notice as to how they allegedly infringe, and that they be given a reasonable amount of time to



SLC_4044086.1

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 11 of 17

be the same for another individual." *Hupp v. Sasser*, 200 W. Va. 791, 798, 490 S.E.2d 880, 887 (1997); *see also* Smolla, Law of Defamation § 6.12[10] (1996) (noting that "[n]ame calling, epithets, and abusive language, no matter how vulgar or offensive, are not actionable").

Accusing someone of being a "bully" has been found by numerous courts to be a statement of opinion. *See, e.g., Hupp v. Sasser*, 200 W. Va. 791, 798, 490 S.E.2d 880, 887 (1997)(finding the statements "he is a bully. He tried to bully me" as "protected speech… that covers opinion devoid of a provably false assertion of fact… Dean Sasser's opinion that Mr. Hupp is a bully is not probably false as that conclusion is totally subjective"); *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 50, 984 N.E.2d 132, 148¶ 50 ("At the outset, the term[]…'bully tactics,'..[does] not have a 'precise and readily understood meaning'….What constitutes corruption or the actions of a bully will vary widely from one person to another")(internal citations omitted); *Barrett v. Rosenthal*, 114 Cal. App. 4th 1379, 9 Cal. Rptr. 3d 142, 149, as modified (Feb. 3, 2004), review granted and opinion superseded, 87 P.3d 797 (Cal. 2004), and rev'd, 40 Cal. 4th 33, 146 P.3d 510 (2006) ("Rosenthal's statements…that appellant Barrett is 'arrogant' and a 'bully,'…'are not actionable… "because they do not contain provably false assertions of fact, but rather are expressions of subjective judgment'"); *Purcell v. Ewing*, 560 F. Supp. 2d 337, 343 (M.D. Pa. 2008)("Ewing's second posting suggests that Purcell … is a 'bully' and a 'moron.' These statements are akin to those that the United States Court of Appeals for the Third Circuit held to lack defamatory meaning in Beverly Enterprises v. Trump"); *Shipyard*

investigate the substance of a patent infringement claim, that it passed a law against bad faith patent infringement assertions. The law identifies as factors of bad faith infringement claims that the Patent Owner "demands payment of a license fee or response within an unreasonably short period of time" and "does not identify specific areas in which the products, services and technology are covered by the claims in the patent." Idaho Code 48-1703.

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 12 of 17

*Brewing Co., LLC v. Logboat Brewing Co., LLC*, No. 2:17-CV-04079-NKL, 2017 WL 6733971, at *4 (W.D. Mo. Dec. 29, 2017)("the phrase 'trademark bully' is an imprecise description or subjective assessment of Shipyard's conduct, and cannot be proven as an objective fact. The phrase may carry a negative connotation, but that alone does not suffice to make it defamatory").

Statement 6: Defendant said that the claims by Ice Castle are nothing more than "[a] big company from another state . . . coming in and trying to put us out of business." "And they're not going to replace us by any means, they just want to put us out of business, that's their goal." The statement that Ice Castle is "a big company" is an opinion, as what constitutes a "big company" is in the eye of the beholder. Certainly many would believe that a company doing about [redacted] in annual revenue with 6 locations across North America is a big company. The remaining portion of the statement is a true statement – as Plaintiff's Complaint and First Amended Complaint both seek injunctive relief to stop Defendants from continuing the Ice Palace. Because of the truth of this alleged statement, Plaintiff has failed to plead a claim for defamation based on this statement. *See* *Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002) ("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Statement 7: "[t]he first day we opened in January, we got a cease and desist from them." However, "[w]e got a very credible patent attorney out of Utah and he assured us time and time again that we are not infringing in any way [the owner of Ice Castle, LLC is] just really trying to bully us and that's what he did through the whole winter last year, and we've had to waste a lot of our resources and our time trying to defend ourselves to these guys." This is a true statement as regarding Defendants' actions to confirm that they were not infringing. The remainder of the

Case 4:18-cv-00571-DCN Document 23-1 Filed 02/15/19 Page 13 of 17

quote is a statement of an opinion which can be reasonable supported based on Ice Castles' repeated threats and demands that Defendants immediately close the Ice Palace even though Defendants do not use icicles as required by every claim in Plaintiff's patent. Plaintiff has failed to plead a claim for defamation based on this statement. *See* Steele v. Spokesman-Review, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002) ("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation"). The reference within the statement to Ice Castles "trying to bully us" is a statement of opinion. *See* Statement 7, above, for evidence that "bully" references are opinions.

Statement 8: "[t]he multimillion dollar company Ice Castles, based out of Midway, Utah is trying to shut the [Defendants] down. Ice Castles claims to have exclusive rights to freeze ice to ice." With respect to the size of Ice Castles, it is unclear how this statement can be defamatory. Ice Castles is asserting that its annual revenues are nearly [redacted] the size of the $500,000 requested in the bond, which would make it [redacted]. Moreover, the misrepresentations by Ice Castles regarding the scope of their patent were so frequent and significant that it warranted comment by Defendants' counsel back in January of 2018:

> "One troubling occurrence is that your client has repeatedly claimed that its patent covers the use of a slush mixture of ice and water to hold together any type of ice, not just icicles. He has repeatedly made this representation even after my client advised him that his patent was limited to icicles and after my correspondence to you last week regarding the clear limitations in each independent claim in the patent. Moreover, your client insisted that my client offer a settlement proposal without further involvement of counsel."

(Exhibit B, January 17, 2018 letter of Randall B. Bateman). Because of the truth of this alleged statement, Plaintiff has failed to plead a claim for defamation based on this statement. *See* Steele

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 14 of 17

*v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002)("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Statement 9: "[A]fter having the patent reviewed by experienced patent attorneys, LaBelle Lake is confident that they do not infringe. Ice Castles, however, has made it clear that they will spend what it takes to put the Ice Palace out of business." This is a true statement that communicates information concerning the Plaintiff to others. Exhibit A, ¶¶ 7-8; Complaint; First Amended Complaint. Because of the truth of this alleged statement, Plaintiff has failed to plead a claim for defamation based on this statement. *See* *Steele v. Spokesman-Review*, 138 Idaho 249, 253, 61 P.3d 606, 610 (2002)("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation").

Because each of the alleged statements is either true or a statement of opinion, LaBelle Lake requests that Plaintiff's claim for defamation be dismissed.

## II. DEFAMATION PER SE

Defamation per se is a special case of defamation, and Idaho follows the common law rule allowing plaintiffs to receive an award of general damages without proof of special damages in defamation per se cases. *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1134–35 (D. Idaho 2013). Statements are per se defamatory if they impute to the plaintiff (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with his trade, business, profession, or office; or (4) serious sexual misconduct. *Id.,* citing *Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 923 P.2d 416, 425 (1996).

Defamation per se requires an underlying defamation that fits within one of the four special categories. Because there is no defamation in the present case, there can be no

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 15 of 17

defamation per se. LaBelle Lake, therefore, requests that Plaintiff's claim for defamation per se be dismissed.

## III. INTENTIONAL INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

A well-plead claim for intentional interference with a prospective economic advantage requires Plaintiff to plead: (1) the existence of a valid economic expectancy, (2) knowledge of the expectancy on the part of the interferer, (3) intentional interference inducing termination of the expectancy, (4) the interference was wrongful by some measure beyond the fact of the interference itself, and (5) resulting damage to the plaintiff whose expectancy has been disrupted. *Wesco Autobody Supply, Inc. v. Ernest*, 149 Idaho 881, 893, 243 P.3d 1069, 1081 (2010)(citing *Cantwell v. City of Boise*, 146 Idaho 127, 138, 191 P.3d 205, 216 (2008)).

To establish that the intentional interference resulting in injury was wrongful, Plaintiff may plead either: "(1) the defendant had an improper objective or purpose to harm the plaintiff; or (2) the defendant used a wrongful means to cause injury to the prospective business relationship." *Wesco Autobody Supply*, 149 Idaho at 893, 243 P.3d at 1081 (2010)(citing *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 286, 824 P.2d 841, 861 (1991).

In the present case, Plaintiff relies on the second option, pleading that Defendants used a wrongful means to cause injury to the prospective business relationship. Specifically, Plaintiff alleges "deceit and misrepresentation regarding Ice Castles, Ice Castles' business practices, prior communications between Ice Castles and the Defendants, and/or the pending litigation between Ice Castles and the Defendants." As shown above in the Section "II. DEFAMATION," Defendant did not make any misrepresentations regarding Ice Castles, their business practices,

Case 4:18-cv-00571-DCN Document 25-1 Filed 02/15/19 Page 16 of 17

prior communications, or the pending litigation. Every statement alleged by Plaintiff in the Amended Complaint is either a true statement or a statement of opinion.

Because there is no wrongful means in Defendants' true statements nor in their statements of opinion, LaBelle Lake requests that Plaintiff's claim for intentional interference with a prospective economic advantage be dismissed.

## CONCLUSION

Wherefore, LaBelle Lake requests the Court to dismiss counts two and three of Plaintiff's Amended Complaint for Defamation and Defamation Per Se, and Intentional Interference with a Prospective Economic Advantage, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 15th day of February, 2019.

DURHAM JONES & PINEGAR

/s/Randall B. Bateman
Randall B. Bateman

*Attorneys for Defendant LaBelle Lake Ice Palace, LLC and LaBelle Lake, LLC*

Case 4:18-cv-00571-DCN Document 23-1 Filed 02/15/19 Page 17 of 17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2019 I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER 12(b)(6)** and **MOTION TO DISMISS UNDER 12(b)(6)** to be filed with the Clerk of the Court via CM/EFC, and served via the CM/ECF email system to the following:

DAVID P. GARDNER
Hawley Troxell, LLP
412 West Center
PO Box 100
Pocatello, Idaho 83204
Telephone: (208) 233-2001
dgardner@hawleytroxell.com

JAMES T. BURTON
JOSHUA S. RUPP
**KIRTON MCCONKIE**
36 South State, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
jburton@kmclaw.com
jrupp@kmclaw.com
*Attorneys for Plaintiff Ice Castles, LLC*

/s/ Randall B. Bateman