UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ICE CASTLES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>LABELLE LAKE ICE PALACE, LLC, an Idaho Limited Liability Company; and LABELLE LAKE, LLC, an Idaho Limited Liability Company,<br><br>Defendants. | Case No. 4:18-cv-00571-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant LaBelle Lake Ice Palace, LLC, and LaBelle Lake, LLC's (collectively "Labelle Lake") Motion for Bond (Dkt. 16) and Motion to Dismiss Claims 2 and 3 (Dkt. 25). On June 4, 2019, the Court held oral argument and took the motions under advisement. Upon review, and for the reasons set forth below, the Court DISMISSES WITHOUT PREJUDICE the Motion for Bond and DENIES the Motion to Dismiss.

## II. BACKGROUND

Ice Castles and LaBelle Lake are business competitors that have each created their own ice attractions. Simply described, these are outdoor attractions, constructed of ice,

that include sculptures, artistic creations, and structures that visitors can enter—such as tunnels and caves. Ice Castles is a Utah Limited Liability Company and currently has six locations in the United States and Canada. Labelle Lake is an Idaho Limited Liability Company and currently has one location in Rigby, Idaho. Thousands of individuals visit these attractions each year.

In 2011, Brent Christensen—the original creator of Ice Castles ice structures, and a current manager at Ice Castles—filed a patent application entitled "Methods for Constructing Ice Structures." In 2013, the United States Patent and Trademark Office ("USPTO") granted the application. U.S. Patent No. 8,511, 042 ("the '042 patent") is the embodiment of Christensen's process.

In September 2017, an individual associated with LaBelle Lake reached out to Ice Castles to discuss opening an ice attraction in Idaho. The Court is unaware of the extent to which the two companies negotiated these matters, but it is clear that a business agreement never materialized.

During the winter of 2017-2018, LaBelle Lake built its own ice attraction in Rigby, Idaho, and began soliciting customers. Thereafter, in January 2018, Ice Castles retained legal counsel and sent two "cease and desist" letters to LaBelle Lake indicating its position that LaBelle Lake's attraction—more specifically how the attraction was created—violated the patented ice castle building technique protected in the '042 patent.

LaBelle Lake responded to each letter indicating its position that it was not infringing on the '042 patent. Ultimately, Ice Castles filed the instant suit in December 2018, when it became apparent that LaBelle Lake planned to open its facility again for

the 2018-2019 winter season.

The overarching dispute in this case can be summed up quite simply as follows: Ice Castles asserts that LaBelle Lake infringes on the methodology outlined in the '042 patent as it relates to the construction of its ice sculptures and structures. LaBelle Lake, on the other hand, contends that its methods are sufficiently different to avoid infringement because it uses "ice logs" and not "icicles" in its designs.

Shortly after suit was filed, LaBelle Lake filed a Motion for Bond (Dkt. 16), asserting that under Idaho Code section 48-1701 *et seq.*, Ice Castles must post a sufficient bond to ensure the integrity of its suit. Shortly after it filed its Motion for Bond, LaBelle Lake filed a Motion to Dismiss two claims raised in Ice Castles Amended Complaint (Dkt. 25). The Court will address each motion in turn.

### III. ANALYSIS

A. **Motion for Bond (Dkt. 16)**

1. **Legal Standard**

In 2014, the Idaho Legislature passed Idaho Code section 48-1701 *et seq.*, entitled "Bad Faith Assertions of Patent Infringement," in an attempt to "facilitate the efficient and prompt resolution of patent infringement claims, protect Idaho businesses from abusive and bad faith assertions of patent infringement and build Idaho's economy, while at the same time carefully not interfering with legitimate patent enforcement actions." Idaho Code § 48-1701(2).

Under the Statute, the Court may consider numerous factors when determining whether a party has made a bad faith assertion of patent infringement including the

following:

>	(a) The person sends a demand letter to a target without first conducting an analysis comparing the claims in the patent to the target's products, services or technology.
>	(b) The demand letter does not contain the following information:
>		(i) The patent number;
>		(ii) The name and address of the patent owner or owners and assignee or assignees, if any; and
>		(iii) The factual allegations concerning the specific areas in which the target's products, services and technology infringe the patent or are covered by the claims in the patent.
>	(c) The demand letter does not identify specific areas in which the products, services and technology are covered by the claims in the patent.
>	(d) The demand letter demands payment of a license fee or response within an unreasonably short period of time.
>	(e) The person offers to license the patent for an amount that is not reasonably based on the value of a license to the patent.
>	(f) The person asserting a claim or allegation of patent infringement acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless.
>	(g) The claim or assertion of patent infringement is deceptive.
>	(h) The person or its subsidiaries or affiliates have previously filed or threatened to file one (1) or more lawsuits alleging patent infringement based on the same or similar claim, the person attempted to enforce the claim of patent infringement in litigation and a court found the claim to be meritless.
>	(i) Any other factor the court finds relevant.

Idaho Code § 48-1703(2)(a)-(i). On the flip side, the Court may consider the following factors as evidence that a person *has not* made a bad faith assertion of patent infringement:

>	(a) The person engages in a good faith effort to establish that the target has infringed the patent and to negotiate an appropriate remedy.
>	(b) The person makes a substantial investment in the use of the patent or in the production or sale of a product or item covered by the patent.
>	(c) The person has:
>		(i) Demonstrated good faith in previous efforts to enforce the patent, or a substantially similar patent; or
>		(ii) Successfully enforced the patent, or a substantially similar patent, through litigation.

  (d) Any other factor the court finds relevant.

Idaho Code § 48-1703(3)(a)-(d).

  Ultimately, if the court finds a "reasonable likelihood" that the claimant's patent infringement claim was asserted in bad faith, the Court shall require the claimant to post a bond in an amount equal to a good faith estimate of the target's expenses of litigation, including an estimate of reasonable attorney fees. Idaho Code § 48-1707. Finally, "the court may waive the bond requirement if it finds the person has available assets equal to the amount of the proposed bond or for other good cause shown." *Id.*

  **2. Discussion**

  At oral argument, the Court raised an issue sua sponte that requires attention. The Court has not been able to find any case (state or federal) that addresses or interprets Idaho's bad faith patent assertion statute. The parties concurred, representing that, based upon their research, no such case exists. What's more, it appears that there are no state or federal cases in any jurisdiction that address other equivalent state statutes dealing with bad faith patent assertion claims and/or bonds.

  The Court's concern boils down to the appropriate balance between state and federal law and whether Idaho Code section 48-1707 even applies in this case—or any federal patent case for that matter.

  Patent infringement claims are based on federal law and this Court has jurisdiction over such cases based on 28 U.S.C. § 1331 and 28 U.S.C. § 1338. There are no federal statutes, rules, or laws that require a bond in a patent case.

  The statute at issue in this case—Idaho Code section 48-1701 *et seq.*—is an Idaho

state law statute. The Idaho Legislature specifically stated that it is "preempted from passing any law that conflicts with federal patent law." Idaho Code § 48-1701(c).

While this law might arguably "conflict" with federal law—in allowing for a bond under state law when federal law does not allow, or even mention, a bond—the Court is more concerned with the statute's force and effect, if any, as a jurisdictional matter.

It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). It has likewise long been understood that "State law cannot define the remedies which a federal court must give simply because a federal court in diversity jurisdiction is available as an alternative tribunal to the State's courts." *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 106 (1945).

Here, the Court sits not in diversity jurisdiction, but in federal question jurisdiction. That said, in light of Ice Castle's Amended Complaint—which added Idaho common law claims—this Court will exercise pendent, or supplemental, jurisdiction under 28 U.S.C. § 1367 over those state claims as they are related to the federal claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir. 1987).

However, when LaBelle Lake *filed* its Motion for Bond, the Court exercised solely federal question jurisdiction over this case. Thus, how could the Court even consider an Idaho state law statute at that time? Even now, *with the Court exercising supplemental jurisdiction*, it is still unclear how one invokes this particular statute. To be clear, the Court is not finding today that Idaho Code section 48-1701 *et seq.* is unconstitutional, but

simply notes the lack of clarity in how a party could procedurally bring a claim under this statute. It appears from the language of statute that a party invoking Section 48-1701 should bring such a claim in Idaho State Court as a separate and distinct cause of action from any patent infringement case.

For example, the statute specifically vests "authority in enforcing and carrying out the provisions of this chapter . . . [in the] attorney general and district courts." Idaho Code § 48-1705. Thus, it would appear that this is a state cause of action—even if federal claims regarding the same patent were simultaneously pending. Were such a claim to be brought, it is not difficult to imagine that the defendant might try[1] to remove the action to federal court so that the federal court could consider the matter since it may already be dealing with the underlying patent infringement issues. However, pending patent litigation is not necessary to invoke Section 48-1701. The statute is silent as to co-existing patent litigation. In fact, a party could file a claim under Idaho Code section 48-1701 *et seq.* even if a patent infringement claim is never brought—the statute is, after all, designed to protect against bad faith *assertions* of patent infringement not necessarily bad faith *claims* of patent infringement.

At oral argument, neither Ice Castles nor LaBelle Lake was able to provide a sound explanation for the Court and its concerns on this topic, but both argued in favor of the Court taking up the bond issue, nonetheless, in an effort to promote judicial economy.

---

[1] Again, the Court does not know whether such action is procedurally possible and expresses no opinion on the same.

As Courts in this District have recently reiterated,[2] its main goal is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. That said, the Court cannot do this without clear jurisdiction or statutory authority. In the absence of such, the Court must DISMISS this Motion WITHOUT PREJUDICE.

LaBelle Lake is free to pursue a similar motion in State Court—if it desires—or refile the Motion with this Court at a later date; provided it can clearly articulate why and how the Court has jurisdiction to hear such a claim.

B. **Motion to Dismiss (Dkt. 25)**

1. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

---

[2] *See e.g. Shoshone-Bannock Tribes of Fort Hall Reservation v. United States*, No. 4:18-CV-00285-DCN, 2019 WL 2307437, at *2 (D. Idaho May 29, 2019); *Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, No. 115CV00520BLW-CWD, 2019 WL 1002952, at *11 (D. Idaho Mar. 1, 2019); *Sec. & Exch. Comm'n v. Muroff*, No. 1:17-CV-00180-EJL, 2018 WL 7108114, at *9 (D. Idaho Dec. 4, 2018).

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**2. Discussion**

While the Court has outlined the general background giving rise to this case, additional information is helpful to understand the context and purpose of the present Motion to Dismiss.

After LaBelle Lake received Ice Castles' cease and desist letter in January of 2018, it spoke with several patent attorneys, each of whom purportedly told LaBelle Lake that its process for making its attraction did not infringe Ice Castles' '042 patent.

During this time, Ryan Davis, one of Ice Castles' owners, spoke with representatives from LaBelle Lake. When LaBelle Lake informed Davis that it had

spoken with numerous patent attorneys who advised that it was not infringing the '042 patent, Davis allegedly stated that he did not care, that Ice Castles had set aside a $500,000 war-chest to pursue anyone building competing ice structures, and that it would drive LaBelle Lake out of business.

In response to these so-called "aggressive litigation tactics," LaBelle Lake started a GoFundMe Page to fund the litigation and also participated in numerous local news interviews. LaBelle Lake shared details from some of the conversations between parties and its opinion that Ice Castles is trying to bully it into closing its attraction.

Following these actions, Ice Castles amended its complaint to allege defamation and defamation per se, and intentional interference with a prospective economic advantage. LaBelle Lake now moves to dismiss these additional claims. The Court will address each claim in turn.

    a. Defamation and Defamation per se

Under Idaho law, defamation requires the plaintiff prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication. *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (2007) (citing *Gough v. Tribune–Journal Co.*, 249 P.2d 192, 194 (1952).

In its Amended Complaint, Ice Castles does not explicitly list any particular defamatory statements. Accordingly, LaBelle Lake has taken each statement in the Amended Complaint and analyzed each as if it were an allegedly defamatory statement.

The allegedly defamatory statements are as follows:

- Statement 1: Defendant told the Idaho State Journal, "[i]f we were infringing on their patent, absolutely, we would back down," "[b]ut we have a different system. And every lawyer that we talk to, like every single one, is like 'oh yeah you're fine, your system is so different.' But [Ice Castles is] still holding strong."

- Statement 2: Defendant told the Idaho State Journal that an Ice Castles representative said "[y]ou may be right but I don't care. We are going to break you in court."

- Statement 3: Defendant told the Idaho State Journal that an Ice Castles representative said Ice Castles has $500,000 in an account just for suing smaller businesses who may be infringing its patent.

- Statement 4: Defendant told FOX 13 News in Salt Lake City: Defendants "are not infringing in any way whatsoever on what [Ice Castles is] doing," but they were told that Ice Castles has "$500,000 set aside specifically to go after anyone that tries to do something with ice."

- Statement 5: Defendant made allegations that Ice Castles is a large business that is improperly attempting to "bully" the Defendants out of business.

- Statement 6: Defendant said that the claims by Ice Castles are nothing more than "[a] big company from another state . . . coming in and trying to put us out of business." "And they're not going to replace us by any means, they just want to put us out of business, that's their goal."

- Statement 7: Defendant said, "[t]he first day we opened in January, we got a cease and desist from them." However, "[w]e got a very credible patent attorney out of Utah and he assured us time and time again that we are not infringing in any way…[the owner of Ice Castles, LLC is] just really trying to bully us and that's what he did through the whole winter last year, and we've had to waste a lot of our resources and our time trying to defend ourselves to these guys."

- Statement 8: Defendants said, "[t]he multimillion-dollar company Ice Castles, based out of Midway, Utah is trying to shut the [Defendants] down. Ice Castles claims to have exclusive rights to freeze ice to ice."

- Statement 9: Defendants said, "after having the patent reviewed by experienced patent attorneys, LaBelle Lake is confident that they do not

infringe. Ice Castles, however, has made it clear that they will spend what it takes to put the Ice Palace out of business."

LaBelle Lake asserts that statements 1, 2, 3, and 9 are all true statements and therefore cannot serve as the basis for defamation claims. *See Steele v. Spokesman-Review*, 61 P.3d 606, 610 (2002) ("because of the truth of the contested statements, Steele has failed to make a prima facie case of defamation.").

LaBelle Lake asserts that statements 4, 5, and 6 are all opinion statements and cannot serve as the basis for defamation claims. *See Wiemer v. Rankin*, 790 P.2d 347, 352 (1990) (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339–40 (1974)) ("Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."); *see also Hustler Magazine v. Falwell,* 485 U.S. 46 (1988).

LaBelle Lake asserts and that statements 7 and 8 contain both truths and opinions and—under the prevailing caselaw just mentioned—cannot serve as the basis for a defamation claim.

In its Response,[3] Ice Castles does not argue substance, but rather procedure. Ice Castles notes that LaBelle Lake relies heavily on the declaration of James Youngstrom in

---

[3] As an aside, in its Response brief (Dkt. 37)—as well as some portions of its Response to LaBelle Lake's Motion for Bond (Dkt. 24, at 10-11)—Ice Castles appears to utilize inappropriate spacing. *See* Dist. Idaho Loc. Civ. R. 7.1(a)(2) ("the use of small fonts and/or *minimal spacing* to comply with the page limitation is not acceptable."). The Court has frequently stricken materials that are not in compliance with the local rules, requiring the offending party to re-submit those materials. As substantial time has passed since the filing of these briefs, however, the Court will accept both as written without modification. Future filings that do not comply with all applicable rules will not be accepted.

support of its position that the statements at issue are true and not defamatory, but that such reliance is inappropriate at this stage of the proceedings.

Specifically, under the plain language of Federal Rule of Civil Procedure 12, Ice Castles argues that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Stated differently, "when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . ."). Indeed, "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688.

Ice Castles argues that the Court cannot consider the declaration of Youngstrom, or that if it does, it must convert the Motion to Dismiss into a Motion for Summary Judgment. Ice Castles further contends that were the Court to follow such a course of action, it would find that LaBelle Lake's motion is even more deficient—because under District of Idaho Local Rules, a separate statement of facts must be submitted with a Motion for Summary Judgment—which LaBelle Lake did not do. As a final request, Ice Castles asks the Court to defer ruling on the motion (under Federal Rule of Civil

Procedure 56(d)) or to grant some type of limited discovery so that it will have a chance to flesh out its claims and appropriately respond.

Ironically, for all of its chiding regarding the posture of LaBelle Lake's Motion and reliance on an "impermissible" declaration, Ice Castles has failed to comply with the Federal Rules in its own way. Under Federal Rule of Civil Procedure 56 "if a nonmovant *shows by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition" the Court can either defer consideration of the motion or allow time for discovery. Fed. R. Civ. P. 56 (d) (emphasis added). In the Ninth Circuit, a party seeking a continuance under Rule 56(d) must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The party must also show that it diligently pursued its previous discovery opportunities—if any. *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999).

In this case, even though Ice Castles has made such a request under Rule 56(d), it has not filed an affidavit or declaration identifying the facts that it needs in order to oppose LaBelle Lake's Motion. Therefore, the Court cannot grant this type of request. On the other hand, *even were* the Court to grant LaBelle Lake's Motion to Dismiss, it would do so with leave to amend—as is required by the Ninth Circuit. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment.") (citing *Lee*,

250 F.3d at 692 (internal quotations omitted)). Ultimately, the Court is left in something of a catch 22 as any path it takes will allow further investigation into these matters and will not unduly prejudice either party.

The Court returns to the substance of LaBelle Lake's Motion. It is clear that statements of opinion are not defamatory. The Court, however, is not in a position to say whether certain statements are opinion or not.

Likewise, LaBelle Lake's statements of "truth" are in the eye of the beholder and the Court cannot accept LaBelle Lake's position at this time as the main support for such comes from a declaration outside the pleadings. Moreover, even were the Court to consider Youngstrom's declaration—and accurate as it may be—it is clearly self-serving and under Rule 12, "All parties must be given a *reasonable opportunity* to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d) (emphasis added).

In this case, there is more information that is relevant in determining whether LaBelle Lake's statements were true—or defamatory—and can (or cannot) serve as the basis for Ice Castles' claims. LaBelle Lake's arguments may ultimately prevail, but they are premature. The cases cited by LaBelle Lake in support of its position—*Clark v. The Spokesman-Review*, *Steele v. Spokesman-Review*, *Wiemer v. Rankin*—were all decided at the summary judgment stage. Similarly, the Court declines to weigh in on the specific statements outlined above at this time and whether any are statements of truth or statements of opinion.

As to the broader question of dismissal or amendment under Rule 12, the Court finds that neither is necessary at this time. There is no requirement that claims of

defamation be pleaded with particularity in Idaho. Under the general pleading standards outlined in *Iqbal* and *Twombly,* Ice Castles' Amended Complaint contains a short and plain statement of the factual basis of a plausible claim that puts LaBelle Lake on notice of the allegations against it.

As for any exact statements that may support the claims, while Ice Castles has not identified specific statements under the enumerated claims, as the Court has explained before, under the principle of incorporation, allegations in other areas of the Complaint that support the individual causes of action are sufficient under *Iqbal* and *Twombly. See Sagastume v. RG Transportation, Inc.*, No. 4:18-CV-00361-DCN, 2019 WL 2218986, at *8 (D. Idaho May 21, 2019) (finding that while Plaintiff had not stated a particular fact in a certain section of his complaint, this omission did not warrant dismissal of that claim as it was stated elsewhere, and Plaintiff had incorporated those paragraphs in the relevant section).

In summary, the Court finds Ice Castles has sufficiently pleaded its claim of defamation for the time being and no amendment is necessary. The details of which exact phrases Ice Castles takes issue with, and for what reason, will become apparent through Interrogatories and other discovery mechanisms. The Court will, no doubt, at a later date need to address these issues in more depth and analyze the claims and determine whether LaBelle Lake's statements were true, opinion, or defamatory, but at the current stage, the Court must take Ice Castles' allegations as true within the four corners of the Complaint. LaBelle Lake's Motion to Dismiss is DENIED.

Finally, Ice Castles pleaded defamation and defamation per se in a single cause of action. Defamation per se is a special case of defamation, and Idaho follows the common law rule allowing plaintiffs to receive an award of general damages without proof of special damages in defamation per se cases. *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1134–35 (D. Idaho 2013). Statements are per se defamatory if they impute to the plaintiff (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with his trade, business, profession, or office; or (4) serious sexual misconduct. *Id.* (citing *Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 425 (1996)).

Defamation per se requires an underlying defamatory statement that fits within one of the four special categories. LaBelle Lake argues that because there is no defamation in the present case, there can be no defamation per se. However, the Court has not determined that at this point, and likewise cannot extend such a finding to this "sub-category" cause of action. Consistent with the above, the Court DENIES the Motion to Dismiss as to all defamation causes of action.

    b.  Intentional Interference with a Prospective Economic Advantage

A well-pled claim for intentional interference with a prospective economic advantage requires a Plaintiff to plead: (1) the existence of a valid economic expectancy, (2) knowledge of the expectancy on the part of the interferer, (3) intentional interference inducing termination of the expectancy, (4) the interference was wrongful by some measure beyond the fact of the interference itself, and (5) resulting damage to the plaintiff whose expectancy has been disrupted. *Wesco Autobody Supply, Inc. v. Ernest*, 243 P.3d 1069, 1081 (2010) (citing *Cantwell v. City of Boise*, 191 P.3d 205, 216 (2008)).

To establish that the intentional interference resulting in injury was wrongful, Plaintiff may plead either: "(1) the defendant had an improper objective or purpose to harm the plaintiff; or (2) the defendant used a wrongful means to cause injury to the prospective business relationship." *Wesco Autobody Supply*, 243 P.3d at 1081 (citing *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 286 (1991)).

In its Amended Complaint, Ice Castle alleges that LaBelle Lake engaged in "deceit and misrepresentation regarding Ice Castles, Ice Castles' business practices, prior communications between Ice Castles and the Defendants, and/or the pending litigation between Ice Castles and the Defendants." Dkt. 19, at 11. Here—as above—LaBelle Lake counters that because there is no evidence that its statements were untrue or not simply opinion, they have not misrepresented anything, and the claim should be dismissed.

Similar to LaBelle Lake's challenges to Ice Castles claims of defamation, however, the Court cannot make such a finding on the record before it. LaBelle Lake's arguments regarding truth and opinion may ultimately prevail; they may not. Regardless, at this stage, the Court cannot consider Youngstrom's declaration or affirmatively determine whether certain statements were true, opinion, or misrepresentation.

Additionally, Ice Castles had not had an opportunity to perform the necessary discovery to fully and fairly respond to LaBelle Lake's motion. In fact, more discovery is necessary in order for both sides to present the Court will a more complete picture of the various issues for a determination. The Court expresses no opinion on whether or not Ice Castles' newly added claims are "winners," but only that they are viable. Taking the facts as alleged as true, the Court finds that Ice Castles "short and plain" statements in its

Amended Complaint adequately put LaBelle Lake on notice of the claims against it. Accordingly, the Court DENIES LaBelle Lake's Motion to Dismiss as to the claim for Intentional Interference with a Prospective Economic Advantage.

## V. ORDER

**IT IS ORDERED:**

1. LaBelle Lake's Motion for Bond (Dkt. 16) is DISMISSED WITHOUT PREJUDICE.

2. LaBelle Lake's Motion to Dismiss Claims 2 and 3 (Dkt. 25) is DENIED.

DATED: August 12, 2019

David C. Nye
Chief U.S. District Court Judge