UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ICE CASTLES, LLC, a Utah limited liability company,<br><br>      Plaintiffs,<br>v.<br><br>LABELLE LAKE ICE PALACE LLC, an Idaho limited liability company; LABELLE LAKE LLC, an Idaho limited liability company,<br><br>      Defendants. | Case No. 4:18-cv-00571-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants LaBelle Lake Ice Palace LLC and LaBelle Lake LLC's ("LaBelle") Motion in Limine to Exclude Testimony as to Damages. Dkt. 98-1. In conjunction with this motion, both parties filed Motions to Seal (Dkts. 99, 106).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion. That said, the Court will order Plaintiff Ice Castles, LLC ("Ice Castles") to supplement its initial disclosures in accordance with Federal Rule of Procedure 26(e).

## II. BACKGROUND

On November 27, 2020, as fact discovery was drawing to a close, LaBelle filed the instant Motion in Limine to Exclude Testimony as to Damages. Dkt. 98-1. In its Motion, LaBelle asserts that Ice Castles failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(1)(a)(iii) ("Rule 26") regarding damages. Specifically, LaBelle argues that Ice Castles' Rule 26 summary was insufficient to apprise it of the types, and amounts, of damages it was seeking in this case and, as a result, the Court should prohibit it from providing any documents or testimony relating to damages at trial. *Id*. at 4.

Ice Castles strongly opposes the motion. Dkt. 107. In Ice Castles' estimation, it was fully compliant with the Rule 26. Yet, Ice Castle also suggests that even if its disclosures were lacking, LaBelle has not suffered any prejudice because Ice Castles has now—as part of expert discovery—produced a full and complete computation of its damages' calculation. *Id*. Undeterred, LaBelle replies that this final computation does not remedy the fact that Ice Castles failed to comply with Rule 26 years ago, and further, that it *was* prejudiced by only receiving these materials during expert discovery because it was unable to conduct any fact discovery on the underlying documents. Dkt. 110.

## III. LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Miller v. Lemhi Cty.*, No. 4:15-

cv-00156-DCN, 2018 WL 1144970, at *1 (D. Idaho Mar. 2, 2018) (cleaned up); *see also Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting *In Limine*, Black's Law Dictionary 803 (8th ed. 2004)).

Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted), "a district court has discretion in ruling on a motion in limine," *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### IV. ANALYSIS

Under Rule 26, as part of its initial disclosures, a party must provide:

> A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

In this case, Ice Castles served its initial disclosures on March 26, 2019. Therein, Ice Castles outlined the following as it relates to damages:

> Information necessary to compute the total amount of damages to which Ice Castles is entitled is not fully available at this stage of the litigation. Therefore, Ice Castles cannot presently provide a computation of damages. However, the category of damages may include damages adequate to

>compensate Ice Castles for LaBelle's infringement of the '042 Patent. In particular, the available category of damages may include a portion of LaBelle's profits, damages sustained by Ice Castles, a reasonable royalty, the cost of the action, enhanced damages or reasonable attorney's fees.
>
>Ice Castles alleges that damages began to accrue no later than the date LaBelle began creating its first ice structures in Rigby, Idaho during the winter of 2017 to 2018.

Dkt. 98-2, at 5.

LaBelle argues this summary is wholly inadequate and provides little to no information upon which it could conduct discovery. In support, LaBelle quotes extensively from the deposition of Ryan Davis—Ice Castles' former CEO and 30(b)(6) deponent—and highlights his lack of preparation / inability to respond to questions regarding damages. Dkt. 98-1, at 10–14.[1] Based upon this experience, and other perceived shortcomings, LaBelle claims it was unable to engage in meaningful discovery on these matters and asks the Court "to enter an order barring Ice Castles from presenting any documents or testimony as to damages or a reasonable royalty." *Id*. at 18.[2]

---

[1] To be sure, as the Court has already noted in this case, *see* Dkt. 133, at 13 n.4, Ice Castle' behavior during some of the depositions has been unhelpful and unnecessary. A Rule 30(b)(6) deponent should be prepared to discuss the matters he has been notified are at issue. If there are subjects he cannot competently testify about, or that can only be discussed on a different timeline (after other action is taken), the party should so indicate so that the parties (or the Court) can schedule and arrange matters in a way that avoids a deposition replete with "I don't know" responses and that obfuscates various topics. These observations do not change the Court's finding today.

[2] LaBelle also argues there are problems with the information Ice Castles eventually did provide. For example, LaBelle raises issues regarding admissibility and calls into question the underlying damages theories/calculations. Such matters, however, are not at issue today. The Court is only addressing the adequacy of Ice Castles' disclosures. Admissibility, relevance, and other evidentiary decisions will be determined at a later date.

Ice Castles responds by noting that while its initial disclosures were not overly specific, such is not uncommon. At the outset of any litigation, it is difficult to ascertain the full scope of damages and so it did the best it could; it provided the general categories of damages, its general reasoning for that determination, and a timeframe. During discovery, Ice Castles then produced various financial documents, summaries, and information to LaBelle. Dkt. 107, at 5–6. It then proceeded to engage in expert discovery and finalize its calculations. Thus, Ice Castles maintains that even if its initial disclosures were procedurally lacking, it's expert witness recently produced a report detailing its damages claims which LaBelle will have every opportunity to review, analyze, and rebut. In Ice Castles' approximation, LaBelle's motion is wholly unnecessary in light of its expert disclosures. *Id*. at 3. Under the circumstances, the Court must agree with Ice Castles.

As the Court has noted previously:

> [W]hether a party has sufficiently complied with Rule 26 is extremely case specific, and . . . not well settled in the Ninth Circuit. *See, e.g., Dillon v. W. Pub. Corp.*, 409 F. App'x 152, 155 (9th Cir. 2011) (affirming lower court's ruling that allowed plaintiff to submit a new damage calculation for the second trial on damages even though it was not included in original Rule 26 disclosures); *compare Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 822 (9th Cir. 2019) (affirming lower court's ruling that Plaintiff could not put on evidence of damages in light of his failure to comply with Rule 26 even though such resulted in the dismissal of those claims); *but see Toyrrific, LLC v. Karapetian*, 606 F. App'x 365 (9th Cir. 2015) (affirming lower court's ruling that party failed to comply with Rule 26, *but* reversing the court's subsequent finding that that information was, therefore, inadmissible, stating that, absent bad faith, a less drastic sanction was necessary). In short, this determination is discretionary and case specific.

*Idahoan Foods, LLC v. Allied World Assurance Co. (U.S.), Inc.*, No. 4:18-CV-00273-DCN, 2020 WL 1948823, at *6 (D. Idaho Apr. 22, 2020).

In *Idahoan*, Defendants alleged that certain "damages" were not included in Plaintiff's original Rule 26 disclosure and, as a result, had to be stricken. The Court ultimately found that while the Plaintiff "could have been more detailed in its initial disclosures" the information it provided was sufficient because the purportedly "new damages" were not actually new, but essentially "sub-categories" of the previously disclosed damages. *Id*. at 6, 8. Further, Plaintiffs should not have been surprised to see the specific subcategories because they were the "type of damages one would expect to see in a case such as this." *Id.*

While the present case differs factually from *Idahoan*, many of the underlying principles, nevertheless, apply.

First, as the Court noted in *Idahoan*, "litigation evolves, and the Court would expect to see some changes in calculations and theories as the case progresses." *Id*. at 6. As District of Idaho Magistrate Judge Ronald E. Bush explained in another case:

> [B]oth in the underlying nature of the type of claims and in the particular details of the alleged damages associated with such claims, it does not strike the Court as unusual that the description of such claims will evolve from the early date of initial disclosures through the completion of the usual sort of forensic claim assessment done by experts in such cases. In other words, any deviation in the amount of damages sought over time—particularly this far ahead of the trial date—is not necessarily an indication of a litigant's intent to deceive the other side through some sort of procedural sleight of hand.

*Diversified Metal Prod., Inc. v. Bechtel Nat'l, Inc.*, No. 09-451-EJL-REB, 2011 WL 98540, at *4 (D. Idaho Jan. 6, 2011). The same rings true here. Ice Castles put forth the "categories" of its prospective damages as required by Rule 26 at the outset of this case. That was all it could do at that point. Then, during discovery, Ice Castles provided LaBelle

with various financial summaries and documents that it planned to rely on when calculating damages. And, ultimately, Ice Castles engaged experts to review that information. This final step was particularly appropriate in this case where the measure of damages is not a straightforward mathematical equation but instead deals with nebulous concepts such as the number of potential visitors to various physical locations. Ultimately, the fact that Ice Castles was not able to produce final, complete, detailed information about the categories of its damages until expert discovery was appropriate. *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012) ("[A] party may supplement its Rule 26(a)(1)(A)(iii) 'computation' by producing an expert report (including documents) that complies with Rule 26(a)(1)(A)(iii).").

Second, as the Court also noted in *Idahoan*, even if the Court were to find Ice Castles' Rule 26 disclosures inadequate, it would not wholesale strike any and all mention of damages, but would require supplementation. There are instances where courts have struck damages completely, but most of those cases had to do with egregious timing issues that are not at play here.[3] However, while it may seem redundant or superfluous at this point, the Court will require that Ice Castles supplement its Rule 26 disclosures to provide

---

[3] *See, e.g.*, *Jacked Up, LLC v. Sara Lee Corp.*, No. 3:11-CV-3296-L, 2019 WL 1098992 (N.D. Tex. Mar. 8, 2019) (striking damages that were identified three years after summary judgment and more than four years after the close of discovery); *Brandt Industries, Ltd. v. Pitonyak Machinery Corp.*, No. 1:10-cv-0857-TWP-DML, 2012 WL 4027241, *2 (S.D. Ind. Sept. 12, 2012) (striking damage calculation disclosed three weeks before trial); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 3155574, *4-5 (N.D. Cal. Aug. 2, 2012) (striking new damages theory and documents because they were first revealed in rebuttal expert reports). In this case, Ice Castles produced its full, complete damages calculations at the outset of expert discovery. LaBelle has had ample time to review, analyze, and rebut the materials. Furthermore, dispositive motions have not been filed and no trial date has been set.

LaBelle with its final computation of damages (and provide for inspection any relevant documents—if it has not already done so).[4]

## V. ORDER

The Court HEREBY ORDERS:

1. LaBelle's Motion to Exclude Testimony as to Damages (Dkt. 98-1) is DENIED. Ice Castles, however, shall supplement its Rule 26 disclosures within seven (7) days of the date of this order.

2. The Parties' Motions to Seal (Dkts. 99, 106) are GRANTED. The materials so designated shall remain under seal.

DATED: September 10, 2021

_____
David C. Nye
Chief U.S. District Court Judge

---

[4] Again, at this point, the Court assumes all relevant documentation has been exchanged; thus, this supplementation is largely procedural. In the event, however, that this supplementation alters any discovery the parties already completed, the Court would entertain a motion from LaBelle to supplement its own expert responses or, if necessary, to briefly reopen discovery for the limited purpose of finalizing damages. Again, the Court does not think either is necessary; however, should LaBelle believe such a course of action is warranted, it must motion the Court within seven (7) days of Ice Castle's supplementation.